ELIZABETH KEHOE, Respondent, v. JAMES HALPIN, Appellant.

St. Louis Court of Appeals, February 25, 1896.

*Held*, by BOND, J., that the evidence in this cause was sufficient to support the verdict, and that the instructions were not inconsistent, nor objectionable on the ground that, in authorizing a recovery on the whole case, they disregarded the theory of the defense.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*William B. Thompson* for appellant.

No brief filed for respondent.

BOND, J.—This action is for personal injuries, caused to plaintiff by the giving away of the covering of a coalhole in the sidewalk in front of defendant's

property when she stepped thereon in using the pavement. The petition alleges that defendant was negligent in maintaining such opening and its covering in a dangerous and defective condition. The answer denied these allegations, and averred that any injury suffered by plaintiff was caused by her negligence, or that of the tenants. The reply was a general denial. There was a judgment for $500 in favor of plaintiff, from which the defendant appeals.

On behalf of plaintiff the evidence tended to prove that the covered hole was in the center of the sidewalk; that about an hour before falling therein, plaintiff passed along the pavement with her husband, walking side by side, at which time she did not observe the coalhole; that there was room enough for four persons to walk on the sidewalk without touching the grate; that the accident occurred when plaintiff and a lady friend were walking along the pavement between the grate and the street about 9 o'clock at night; that one of plaintiff's legs went down in the coalhole; that the cover, or something, turned and hit her on the knee when she stepped on it; and that the accident took place on the sidewalk in front of premises number 1923 North Twelfth street, which belonged to the defendant.

Mrs. Eliza Neuland, who lived next door, testified, to wit: "She had been living in this house for five years; there was no fastening to the lid on the coalhole; that she had told Mr. Halpin to have it fixed. It was a good while before this lady was hurt. He said he would get it fixed, but it was not fixed until after this woman fell into it. She saw it on the evening Mrs. Kehoe fell."

Defendant's testimony tended to show that the opening in the street, or coalhole, was in a reasonably safe condition when originally constructed, and that

defendant had no notice of any defect therein subsequently; also, that the cover might have been displaced by trespassers, or others, within so short a time that defendant could not have known of its insecure condition.

The first error complained of is that the verdict is unsupported by the evidence. This assignment is untenable. The evidence for plaintiff tended to show a right to recover. The court was, therefore, warranted in overruling defendant's demurrer to the evidence.

The next error complained of is that the court, in the instructions given for the plaintiff, predicated her right to recover upon the unsafe condition of the coalhole without also instructing the jury that defendant would not be liable, if it appeared that this condition was caused by the act of a trespasser in pushing the cover of the coalhole to one side, and if this had been done so recently as to negative any notice thereof on the part of defendant. This criticism is based upon the misconception of the instructions. The court only gave two for the plaintiff on the facts of the case. By the first, the liability of the defendant was conditioned upon the finding by the jury that the covering for said coalhole was loose and unfastened, and liable to give way when trod upon, and "that the defendant knew, or by the exercise of ordinary care would have known, of such loose, unfastened, and defective condition of said covering in time to have repaired the same by the exercise of ordinary care before plaintiff's injury, and neglected to do so." If this state of facts existed, it necessarily negatived a finding that the insecure condition of the coalhole resulted from a displacement of its cover by trespassers without the knowledge of defendant; for the jury were expressly told in the instruction in question that defendant was not liable, unless he

knew, or might by ordinary care have known, of the condition of the coalhole in time to have repaired it before the accident.    In the next instruction given for plaintiff, the jury were told that defendant was not liable, unless they found from the evidence that he was maintaining a nuisance in the street.    Such a finding also negatived the fact, that the cause of the injury was due to some displacement of the cover of the coalhole by trespassers subsequent to its original construction.

The court, moreover, in the fullest and most explicit manner submitted the theory of defendant, that the injury was caused by the act of trespassers without knowledge, or opportunity of knowledge, on his part, in instruction number 2, given for defendant, and also in another instruction proffered by defendant, which the court modified and gave in the following form: "The jury are instructed that, if they find from the evidence in this case that the vault in the sidewalk in front of defendant's premises was constructed and maintained in a reasonably safe condition for persons passing over and upon said sidewalk; and they further find that the opening in said vault and the cover thereof was removed at or before the time of the injury complained of by plaintiff by some person, or persons, without the knowledge or consent of the defendant, and that by the exercise of ordinary care the defendant could not have known of such removal; then, the jury will find for the defendant."

Appellant next complains that the physical facts show that the coalhole cover was not loose and unfastened, so that it could be moved by a person stepping upon it.    The force of this argument is not apparent.    There was evidence (that of Mrs. Neuland) that the coalhole and its cover were defective and dangerous; that she had so informed the owner; and that he had neglected to have it repaired or made safe.    Besides, we have the

physical fact that the covering did slip or fly up when plaintiff stepped on it, and that her leg went through it. This evidence, despite the opinion of the experts as to the safety of the covering and construction of the coalhole, warranted the jury in a contrary finding.

The next complaint made by appellant is that the two instructions given for plaintiff were contrary to those given for defendant. This inconsistency is not pointed out in appellant's brief, and it is not apparent from a comparison of the instructions.

It is also claimed by appellant that sufficient time was not shown in the evidence to have elapsed between the displacement of the cover of the coalhole and the injury to plaintiff to have affected defendant with knowledge of its condition. This objection is not well taken. There was evidence tending to show that defendant had positive notice of the unsafe condition of the opening in the sidewalk in front of his premises. The jury had a right to take that view of the case. Besides, the appellant is wholly mistaken in asserting that the undisputed evidence shows that the coalhole was in good condition an hour before the accident. It is true plaintiff passed along the sidewalk in safety an hour before the accident, but she does not say, neither is it a necessary inference from her testimony, that in so doing she *trod upon* the covering of the coalhole. On the contrary, the clear effect of her testimony is that, at the time in question, she walked on the side of the coalhole. That she might have done so appears from her statement, that there was enough space between it and the street for four persons to walk side by side. At the time in question she and her husband only were traversing the pavement. As it does not, therefore, appear from the undisputed testimony that the covering of the coalhole was displaced within an hour of the accident, there is nothing in that assump-

tion to support appellant's argument, that its unsafe condition had not existed long enough to affect him with notice.

Finding no reversible error in this case, the judgment will be affirmed. All concur, Judges ROMBAUER and BIGGS in the result.